UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN SMITH, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02672-SEB-DML |
| WARDEN, | ) |
| Respondent. | ) |

**ENTRY GRANTING MOTION TO DISMISS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Kevin Smith's petition for a writ of habeas corpus challenges his conviction on April 25, 2018, in prison disciplinary case number IYC 18-03-0130. The sanctions assessed against Mr. Smith included a written reprimand, the loss of certain privileges, and the deprivation of 30 days' earned credit time. Dkt. 10-1. Following an administrative appeal, the earned-credit-time suspension was suspended, and it has not been invoked. *See* dkts. 10-2, 10-4, 10-5.

The Court takes judicial notice that, under Indiana Department of Correction (IDOC) policy, a suspended sanction may not be invoked more than six months after the disciplinary action from which the suspended sanction was imposed. *See* IDOC, *Disciplinary Code for Adult Offenders*, § IX(E)(3)(d) (eff. June 1, 2015), available at http://www.in.gov/idoc/3265.htm. Because Mr. Smith's hearing was held on April 25, 2018, and the suspended sanction has not been invoked, the respondent now moves to dismiss the petition as moot.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To

be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is now moot because disciplinary case number IYC 18-03-0130 has not affected—and cannot affect moving forward—the fact or duration of Mr. Smith's custody. The IDOC may no longer invoke the suspended deprivation of earned credit time that resulted from this case.

A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Therefore, the respondent's motion to dismiss, dkt. [10], is **granted**, and Mr. Smith's petition is **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/5/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN SMITH
222340
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov